**NATIONAL MATTRESS COMPANY, Plaintiff-Appellant, v. YOUNGSTOWN (City), Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3896. Decided March 28, 1957.

Jack W. Nybell, Youngstown, for plaintiff-appellant.
Carlyle & Carlyle, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

The trial judge overruled defendant's motion for a directed verdict, at the close of plaintiff's evidence, offered in its action in the court of common pleas to recover damages from defendant, a municipal corporation, for property damaged, caused by a flooded basement, due allegedly to the negligence of the defendant, and the defendant, not desiring to proceed further, the case was submitted to the jury which returned a verdict for the plaintiff.

Subsequently the trial judge sustained defendant's motion for and entered judgment in its favor notwithstanding the verdict of the jury, but did not rule upon its motion for a new trial.

Plaintiff appealed to this court on questions of law in appeal numbered 3870 on the docket of this court from the judgment of the trial court entered for defendant notwithstanding the verdict of the jury returned for plaintiff.

Defendant's motion to dismiss the appeal filed in appeal 3870 was sustained by agreement of counsel on September 26, 1956.

On November 1, 1956, the trial court then made the following entry:—

"The court coming now to the motion for new trial filed in this case, after full and due consideration sustains the same, with exceptions noted on the ground that the verdict and judgment for the plaintiff is not sustained by sufficient evidence and is contrary to law; said new trial shall be had only in event of a reversal of the judgment rendered on the motion n. o. v.

"This court bows to the mandate of the Court of Appeals filed 10/13/56, altho the constitutionality of the statute was not raised or passed upon by the Supreme Court in 160 Oh St 60."

By assignments of error plaintiff contends:—

"1. Said court erred in sustaining the motion of the appellee for judgment in its favor notwithstanding the verdict of the jury returned in favor of the appellant.

"2. Said court erred in sustaining the motion of the appellee for judgment in its favor contrary to the law and the evidence.

"3. Other errors apparent on the face of the record which are prejudicial to the rights of appellant.

"4. Said court erred in sustaining the motion of the appellee for a new trial, and in making the sustaining of the motion for new trial contingent upon the motion for judgment n. o. v. being reversed by the court of appeals."

By leave of court plaintiff's briefs filed in appeal 3870 were withdrawn and filed in appeal 3896.

In its notice of appeal filed in appeal 3896 plaintiff states:—

"Plaintiff hereby gives notice of appeal to the court of appeals from the judgment rendered by the court of common pleas in the above entitled cause on the 1st day of November, 1956. Said appeal is on questions of law."

Plaintiff mattress manufacturing plant, for the operation of which plaintiff purchased water from defendant city, was situated about 600 feet from the place where a break occurred in defendant's water lines causing water to overflow into plaintiff's basement allegedly damaging its property.

Plaintiff bases its right to recover damages from defendant upon the claim that at the time of the infliction of such damage defendant municipal corporation was engaged in the performance of a proprietary and not governmental function, which defendant city admits, and upon the alleged undisputed evidence that the defendant was negligent in not turning the water off for a period of between an hour and one-half and two hours, after the arrival of the Water Department employees at the scene of the break, and in failing to notify plaintiff of such break in the water mains so as to enable it to salvage materials in the basement, and such alleged negligence was the proximate cause of the damage.

The case went to the jury in the court of common pleas on the following specifications of negligence numbered respectively three, five and six:—

"3. In piling the heavy burden of dirt, rock, stone and debris on said line, and in laying it at a depth of fourteen feet, thus putting on added strain on the pipe line.

"5. In failing to promptly shut the water off when notified on February 25, 1955, of said broken line.

'6. In failing to notify this defendant of the dangerous and hazardous condition created by the escape of this water in order to give this plaintiff an opportunity to safeguard his property from damage."

Specifications of negligence numbers one, two and four were withdrawn from the consideration of the jury.

Defendant generally denied each and every fact stated, averment made and allegation set forth in plaintiff's petition.

The evidence discloses that many of the 350 or 400 miles of defendant city's water lines are situated beneath the surface of paved streets, and while most of such lines are laid four and one-half to six feet below the surface of the street the twelve inch line which bursted, and which was laid that distance below the surface in 1911, was at the time it bursted 12 to fourteen feet below the surface at the point it bursted because the street at that point had been raised six to eight feet to meet the level of a bridge constructed across the Mahoning River near that place subsequent to the laying of such line, as were the facts in the case of Interstate Sash & Door Co., v. City of Cleveland, 148 Oh St 325, cited by counsel.

Upon automatic notification by chart in the City Building that such line had bursted the Superintendent of Construction of the Division of Water of defendant city notified the twelve member emergency crew and within fifteen minutes thereafter the Chief Engineer, the Superintendent of Construction, three other employees, six line repairmen, and the emergency crew of the Division of Water of defendant city were closing the ten valves controlling the bursted water line, which valves were situated within a radius of six blocks, and some of the valves were mechanically operated and others required as many as 250 turns to close

Inspection of the removed bursted cast iron pipe, the life of which the Chief Engineer of defendant city testified on cross-examination was known to be as long as 100 years, revealed no defect that could have been discovered by inspection by uncovering such lines and visually inspecting them, which following the procedure of other municipalities was never done.

There is no evidence that plaintiff neither employed nor had on duty a night watchman the night the line bursted, nor that any employee of defendant city knew any of plaintiff's officers, nor employees, to notify them; nor what they, nor plaintiff, could have done to salvage plaintiff's property had they been notified; nor that the defendant had more reason to anticipate bursting of its water lines than did the plaintiff.

On authority of Interstate Sash & Door Co., v. City of Cleveland, supra, Taphorn v. Cincinnati, 96 Oh Ap 454, and Republic Light & Furniture Co. v. City of Cincinnati, 97 Oh Ap 532, we believe the trial judge

correctly withdrew from the consideration of the jury specifications of negligence 1, 2 and 4 of plaintiff's petition, which read:—

"1. In failing to keep said water line in proper repair after the defendant knew, or in the exercise of ordinary care should have known of its weakened condition.

"2. In failing to inspect said water line, which inspection would have disclosed the weak condition of said water line which had been in the ground approximately forty years.

"4. In failing to investigate and to inspect and repair said water line when notified that a break existed therein."

We believe the trial judge properly submitted plaintiff's case to the jury on specific allegations of negligence 3, 5 and 6.

We cannot concur in plaintiff's claim that it proved by the uncontradicted evidence that:—

"2. The defendant was negligent in not turning the water off for a period of between an hour and one-half and two hours, after the arrival of the Water Department employees at the scene of the break.

"3. The defendant was negligent in failing to notify plaintiff of such break in the water main, so as to enable it to salvage materials in the basement.

"4. Such evidence was the proximate cause of the damage."

Answering specifically plaintiff's claim that such evidence was the proximate cause of the damage we adopt counsel for defendant's statement by brief that:—

"Evidence is never a proximate cause, it is the factual circumstances raised by the evidence that give rise to the causal relationship from which proximate cause is either found or not found."

In the case we review plaintiff's claim could be based only upon defendant's negligence, in which event the doctrine of qualified nuisance as distinguished from absolute nuisance controlled.

In **Taylor v. City of Cincinnati, 143 Oh St 426,** it is said in the third paragraph of the syllabus:—

"3. As distinguished from absolute nuisance, a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another."

It is said in the syllabus in the case of Taphorn v. City of Cincinnati, supra, that:—

"1. A municipality, in operating a waterworks system, engages in a proprietary function, is charged with the duty of exercising ordinary care, and is liable for negligence in the operation of such waterworks system.

"2. In an action against a municipality for damages resulting from alleged negligent operation of its waterworks system, the burden of proof rests on the plaintiff.

"3. In such an action, the burden of proof is not met where the evidence discloses that a city water main burst, resulting in the flooding of the basement of plaintiff's place of business and ensuing damage to equipment, that a part of such water main was removed and re-

placed, that the city had no record of inspections ever having been made of the installation which burst, and where there is no technical or expert testimony as to the life of a cast iron water main such as burst and no evidence as to any standard or method of inspection of waterworks systems in modern use by ordinarily prudent cities in the operation of such systems, and former floodings of plaintiff's basement are in no way traceable to the city's water main."

In the case of Republic Light & Furniture Co. v. City of Cincinnati, supra, at page 542, the court said:—

"Nor can we bring ourselves to hold that there is a duty upon the city to employ such extraordinary methods of securing entrance to the securely locked and unattended premises of plaintiff where no method of gaining access to the premises was indicated thereon. There is no evidence that the city could have had more reason to anticipate a leak than had the plaintiff."

The parties are respectfully referred to the syllabi of Republic Light & Furniture Co. v. City of Cincinnati, supra.

In the second syllabus of **Krupar v. Procter & Gamble Co., 160 Oh St 489,** it is stated:—

"In a negligence action if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant."

In **Landon v. Lee Motors, Inc., 161 Oh St 82,** it is stated in the 6th paragraph of the syllabus:—

"In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue."

We find no merit in plaintiff's assigned ground of error number four that "such evidence is the proximate cause of the damage."

Appellant's counsel has failed to call our attention to "other errors apparent on the face of the record which are prejudicial to the rights of appellant," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

Obviously having found no error in any of the assigned grounds of error upon which we pass the judgment of the court of common pleas must be and is affirmed.

NICHOLS, PJ, concurs.

GRIFFITH, J, concurs in judgment.